William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Fifth Ave., 15th Floor
New York, New York 10017
Phone: (212) 286-1425; Fax: (646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMILIA SANTIAGO, ROSARIO CASTILLO         :        ECF
VALDEZ, and NATALIA ABREU,                :        16 Civ. _____
Individually and on Behalf of All Other   :
Persons Similarly Situated,               :
                                          :
                        Plaintiffs,       :
                                          :        **COMPLAINT AND**
        -against-                         :        **JURY DEMAND**
                                          :
ALLIED HEALTH SERVICES, INC. and JOHN     :
DOES #1-10,                               :
                                          :
                        Defendants.       :
------------------------------------------------------------X

Plaintiffs EMILIA SANTIAGO, ROSARIO CASTILLO VALDEZ, and NATALIA

ABREU ("Plaintiffs"), on behalf of themselves individually and as class representatives of other

employees similarly situated, by and through their attorney, complain and allege for their

complaint against ALLIED HEALTH SERVICES, INC. and JOHN DOES #1-10 (together

"Defendants" or "Defendant") as follows:

## NATURE OF THE ACTION

1.      Plaintiffs allege that they are: (a) entitled to unpaid wages from Defendants for

work for which they did not receive minimum wage and/or overtime premium pay, as required

by law, and (b) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.      Plaintiffs further complain that they are entitled to back wages from Defendants

for straight time wages, minimum wages, overtime wages, and/or spread of hours premium pay,

as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations and the Wage Parity Act.

3.     Plaintiffs further complain that they are entitled to $50 per workweek as a result of Defendants' failure to provide the notice required under the New York Wage Theft Prevention Act and $100 per week for Defendants' failure to provide a Wage and Hour Statement to Plaintiffs disclosing, inter alia, overtime hours worked and rates of pay.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.     Plaintiff EMILIA SANTIAGO, was, at all relevant times, an adult individual, residing in New York County, New York.

8.     Plaintiff ROSARIO CASTILLO VALDEZ, was, at all relevant times, an adult individual, residing in Bronx County, New York.

9.     Plaintiff NATALIA ABREU, was, at all relevant times, an adult individual, residing in Kings County, New York.

10.     Upon information and belief, Defendant ALLIED HEALTH SERVICES, INC. ("Corporate Defendant") is a New York corporation, with its principal place of business located at 2322 Arthur Avenue, Bronx, New York 10458.

11.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

12.     Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since July 24, 2008 to the entry of judgment in this case (the "Collective Action Period") (period extended by tolling set forth in settlement of case entitled *Mingo v. Allied*, 14 Civ. 5674 (S.D.N.Y.) and period extended for failure to post notice indicating employees are entitled to minimum wages and overtime and for concealing violations and employees rights under FLSA), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

13.     This collective action class is so numerous that joinder of all members is impracticable (the "Class"). Although the precise number of such persons is unknown, and the

facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least forty (40) members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

14.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

15.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

16.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

      a.  whether the Defendants employed the Collective Action members within the meaning of the FLSA;

      b.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c.   whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

d.   whether Defendants failed to pay the Collective Action Members, minimum wages for hours worked and/or overtime compensation for hours worked in excess of forty hours (40) per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.   whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.   whether Defendants should be enjoined from such violations of the FLSA in the future.

17.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

18.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

19.    Plaintiffs bring their New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since July 24, 2008 to the entry of judgment in this case (the "Class Period") (period extended by class allegations and settlement of case entitled *Mingo v. Allied*, 14 Civ. 5674 (S.D.N.Y.) and period extended for failure to post notice

indicating employees are entitled to minimum wages and overtime and for concealing violations and employees rights under the New York law) and who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages and/or hourly wages for all hours worked by them (including minimum wages under the Wage Parity Act), spread of hours pay for hours worked a spread of ten or more hours in a day, as well as overtime wages in violation of New York Law and/or have not received the notices required by the New York Wage Prevention Act (the "Class").

20.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there at least forty (40) members of the Class during the Class Period.

21.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy— particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

22.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

24.     Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

25.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

  a.  whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

  b.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

  c.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

  d.  whether Defendants failed and/or refused to pay the members of the Class, minimum wages and/or hourly wages for all hours worked by them, an extra hour of pay for each day on which members of the Class worked a spread of ten or more hours, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law and/or Wage Parity Act;

  e.  whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, interest, costs and disbursements and attorneys' fees;

  f.  whether the Defendants failed to provide the notices and wage statements as required by the New York Wage Theft Prevention Act; and

  g.  whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

26.     Plaintiff EMILIA SANTIAGO ("SANTIAGO") is and was employed by ALLIED HEALTH SERVICES, INC. ("Defendants") as a home health aide from about 2007 until the present (the "Time Period").

27.     Plaintiff ROSARIO CASTILLO VALDEZ ("VALDEZ") is and was employed by ALLIED HEALTH SERVICES, INC. ("Defendants") as a home health aide from about February 2, 2006 until the present (the "Time Period").

28.     Plaintiff NATALIA ABREU ("ABREU") was employed by ALLIED HEALTH SERVICES, INC. ("Defendants") as a home health aide from about 2006 until February 10, 2012 (the "Time Period").

29.     Defendants are an employment agency that sent Plaintiffs to work as home health aides for numerous customers located in New York City.

30.     Defendants never posted any notice indicating Plaintiffs or other employees were entitled to minimum wages or overtime.

31.     Plaintiff VALDEZ worked for numerous customers who paid with New York Medicaid.

32.     Plaintiff ABREU worked for numerous customers who paid with New York Medicaid, including but not limited to Zaida Ventura and Antonia Marero.

33.     Plaintiff SANTIAGO worked for numerous customers who paid with New York Medicaid, including but not limited to Sarah Hernandez, Luciana Pica, Ramona Ramires, and Consuelo Hernandez.

34.     Plaintiffs were generally paid different hourly rates for work performed for different customers for which Defendants gave Plaintiffs credit, and these rates generally ranged from a low of the New York State minimum wage rate to a high of $12.00.

35.     During the time period, Plaintiffs were not paid full minimum wages for their hours worked, their full regular wages for all their hours worked, their full overtime wages for all of their hours worked over forty in a workweek ("overtime"), and were not paid an extra hour of pay for their hours worked over a spread of ten hours per day.

36.     Plaintiff VALDEZ and Plaintiff ABREU were not paid for their time traveling between customers.

37.     During the time period, Plaintiffs were paid only straight time for their hours worked over forty (40) in a week.

38.     During the time period, during certain weeks Plaintiffs worked more than forty (40) hours per week.

39.     Plaintiffs had a varied schedule and their paystubs reflect certain hours that they worked each week.

40.     During the time period, Plaintiffs did not receive a meal break and generally ate while working.

41.     During the time period, Plaintiff VALDEZ and Plaintiff ABREU often worked for 24 hours staying overnight at the client's house, and on these days were paid for only 12 hours, despite the fact that their sleep was regularly interrupted generally at least 3-4 times by the client throughout the night.  At times Plaintiff VALDEZ and Plaintiff ABREU were only given a chair or couch to sleep on and were not offered a bed during the 24 hours of work.

42.     During the time period, Plaintiffs' job responsibilities as a home health aide included, among others, cleaning the entire house, cooking and doing the laundry for the patient as well as the other members of the house.

43.     Plaintiffs were required to prepare three meals a day, which included breakfast, lunch, and dinner.

44.     Plaintiffs were generally required to make the beds every morning.

45.     Defendants required Plaintiffs to do a number of tasks on a daily basis, including but not limited to: dusting, vacuuming, cleaning the bathroom (including the toilet, tub, and shower), mopping the kitchen floors, cleaning after pets and feeding pets, scrubbing the kitchen counters, cleaning the pots and pans, loading/unloading the dishwasher, and taking out the garbage.

46.     Plaintiffs were generally required to do laundry every day.

47.     Plaintiffs were required to clean out the refrigerator and put away the new groceries at least twice every week.

48.     Plaintiffs spent at least 80% of their time directly performing general household work.

49.     Plaintiffs often worked for patients who had family members living with them, and in such cases they spent over 20% of their time doing general household work for the benefit of the members of the household other than the patient.

50.     During the time period, Defendants hired at least forty other similar home health aides, who also worked more than forty hours in a week, were only paid straight time for their hours worked over forty in a week, and also worked more than ten hours in a day and were not paid for an extra hour of work.

51.     During about 2010, Plaintiffs complained to their supervisor, Ikea Robinson, about not receiving time and one half for their hours worked over forty in a week, and she told them that she would look into it, but never got back to them.

52.     Throughout the time period, Defendants have likewise employed at least forty other individuals like Plaintiffs in positions as home health aides.

53.     Throughout the time period, such individuals (a) have worked in excess of forty hours per week and have not been paid overtime premium wages of one and one half times their regular hourly rate or the minimum wage rate, (b) have worked a spread of ten hours per day and have not been paid an extra hour of pay for days on which they worked a spread of at least ten hours, (c) have worked for two or more clients in a day and have not been paid for the travel time between clients, (d) have worked a 24 hour shift and have not been paid for the full 24 hours, and (e) have not been paid minimum wages under the Wage Parity Act and New York law for all hours worked.

## FIRST CLAIM FOR RELIEF
## <ins>FAIR LABOR STANDARDS ACT</ins>

54.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

57.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

58.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).  The named Plaintiffs' written consent is attached hereto and incorporated by reference.

59.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek as well as minimum wages for all hours worked.

60.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate equal to or greater than the minimum wage rate and at a rate equal to or greater than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

62.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63.     Due to the Defendants' FLSA violations, Plaintiffs and the Collective Action Class are entitled to recover from the Defendants, their unpaid minimum wages, overtime wages, and an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LAW

64.     Plaintiffs repeat and re-allege each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

65.     At all relevant times, Plaintiffs and the members of the Class were employed by

the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66.     Defendants willfully violated Plaintiffs' rights and the rights of the members of

the Class, by failing to pay them minimum wages and/or overtime compensation at rates not less

than one and one-half times the regular rate of pay for each hour worked in excess of forty hours

in a workweek, and/or failing to pay an extra hour of pay for spread of hours pay, in violation of

the New York Labor Law and its regulations and in violation of the New York Home Care

Worker Wage Parity Act ("Wage Parity Act").  See NY Pub Health L § 3614-C (2012)).

67.     The Defendants' New York Labor Law violations and New York law violations

have caused Plaintiffs and the members of the Class, irreparable harm for which there is no

adequate remedy at law.

68.     Defendants willfully violated Plaintiffs' rights and the rights of the members of

the Class, by failing to provide them proper notices and wage statements in violation of the New

York Wage Theft Prevention Act.

69.     As a result of Defendants' violation of the New York Wage Theft Prevention Act,

Plaintiffs and the members of the Class are entitled to damages of $150 per week during which

the violations occurred and/or continue to occur.

70.     Due to the Defendants' New York Labor Law violations and New York law

violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their

unpaid wages, unpaid minimum wages, unpaid spread of hours wages, unpaid overtime

compensation, reasonable attorneys' fees, and/or costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

### THIRD CLAIM FOR RELIEF
### (Breach of Contract-Wage Parity Act)

71.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72.     Upon information and belief, at all times relevant to this complaint, Defendants were required to certify and did certify that they paid Plaintiffs and members of the Class wages as required by New York Home Care Worker Wage Parity Act.

73.     The agreement to pay Plaintiffs and the Class wages as required by the New York Home Care Worker Wage Parity Act was made for the benefit of the Plaintiffs and the Class.

74.     Defendants breached their obligation to pay Plaintiffs and the Class all wages they were due as required by the Worker Wage Parity Act and as result Plaintiffs and members of the Class were injured.

75.     Plaintiffs and the Class, as third party beneficiaries of Defendants' contract with government agencies to pay wages as required by the Wage Parity Act, are entitled to relief for the breach of this contractual obligation plus interest.

### FOURTH CLAIM FOR RELIEF
### (Breach of Employment Contracts)

76.     Plaintiffs and members of the Class entered into employment contracts with Defendants, which required Defendants to pay Plaintiffs and members of the Class their regular and overtime and minimum wages as set forth under federal and New York law.

77.     Plaintiffs and members of the Class fully performed all their obligations under the employment contracts.

14

78.     Defendants breached the employment contracts by failing to pay to Plaintiffs and the members of the Class, wages owed to them for services provided by Plaintiffs and the members of the Class, including wages under the New York Home Care Worker Wage Parity Act.

79.     Defendants' breach has caused Plaintiffs and members of the Class to suffer damages.

80.     As a result of Defendants' breach of the employment contracts, Plaintiffs and the members of the Class have been damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)

81.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82.     Defendants have been unjustly enriched at the expense of the Plaintiffs and the members of the Class by their illegally and improperly receiving the work performed by Plaintiffs and the members of the Class and failing to pay Plaintiffs and the members of the Class for wages for their work performed.

83.     Plaintiffs and the members of the Class have been damaged by Defendants' intentional refusal to pay them wages for work requested from, received from, and performed by Plaintiffs and the members of the Class.

## SIXTH CLAIM FOR RELIEF
## (New York Common Law -- QUANTUM MERUIT)

84.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

85.     Plaintiffs and the members of the Class performed services for Defendants at Defendants' specific request, for which Defendants understood it would have to pay.

86.     Despite demand therefore, Plaintiffs and the members of the Class have not been paid reasonable value for those services.

87.     Based on the foregoing, Plaintiffs and the members of the Class are entitled to recover the reasonable value of the unpaid services provided to the Defendants in an amount to be determined at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated, Collective Action Members, and members of the Class, respectfully requests that this Court grant the following relief:

a.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b.     An order tolling the statute of limitations;

c.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

d.     A declaratory judgment that the practices complained of herein are unlawful

under the FLSA and the New York Labor Law;

e.      An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of unpaid wages, unpaid minimum wages, and unpaid overtime wages due under the FLSA and the New York Labor Law and the New York Worker Home Health Wage Parity Act;

g.      An award of spread of hours wages equal to an additional hour of pay for each day on which a plaintiff worked a spread of more than ten hours;

h.      An award of statutory damages under the Wage Theft Prevention Act in the amount of $150 per week plus interest;

i.       An award of liquidated and/or punitive damages, as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

j.      An award of prejudgment and postjudgment interest;

k.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.      Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:  New York, New York
         January 20, 2016

                                LAW OFFICE OF WILLIAM COUDERT RAND

By:       _____
             William Coudert Rand (WR 7685)

             501 Fifth Ave., 15th Floor
             New York, New York 10017
             Telephone: (212) 286-1425
             Facsimile: (646) 688-3078
             Email: wcrand@wcrand.com
             *Attorney for Plaintiffs*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _____ Allied Health Services, Inc. _____ to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Emilia Santiago_ 01615 _Emilia Santiago_
Signature                        Date   Print Name

8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Allied Health Services, Inc._ to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

x_Rosorio Castillo_ 10-16-15  x _ROSARIO CASTILLO VALDEZ_

Signature                    Date    Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ___Allied Health Services, Inc.___ to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Natalia. V. Abreu_   _10/19/15_   _NATALIA. V. ABREU_
Signature                     Date     Print Name